## Hipp v. Huchett.

---

## [20] HIPP V. HUCHETT.

In an action on a mortgage, a judgment that the plaintiff recover his debt, interest, and costs, that the mortgage be foreclosed, and that the property be sold by execution under the terms of the statute, is final.

In a case where the statute prescribes the specific relief which shall be granted, a general demurrer will not lie to a petition which prays specifically for different relief and does not contain a general prayer.

The first and second applications for a continuance must be determined by the certain and definite rule prescribed by the statute; but a subsequent application is, as a general rule, addressed to the discretion of the court. There may, however, be circumstances under which a refusal to grant a continuance on such subsequent application would operate such flagrant injustice as to induce its reversal (Note 5.)

*It seems* that in some cases relief will be granted different from and even inconsistent with the specific relief prayed for, where there is a prayer for general relief.

Where a party sues to foreclose a mortgage which contains a power to sell on so many days' notice, the judgment in favor of the plaintiff should be rendered in pursuance of the provisions of the one hundred and nineteenth section of the act to regulate proceedings in the District Courts, without regard to the length of the notice of sale, as stipulated in the mortgage.

Where the statute prescribes the specific relief which shall be granted, it is the duty of the court to render their judgment or decree accordingly, without regard to the propriety or impropriety of the prayer for relief, and whether the petition contain a general prayer or not.

Where an instrument is signed by the only party on whom it purports to impose any obligation, it is sufficient, although it be drawn with reference to a party of the first part and a party of the second part.

Appeal from Guadalupe.

*Vanderlip & Gordon,* for appellant.

*Neill,* for appellee.

HEMPHILL, CH. J. This suit was instituted for the foreclosure of a mortgage to secure a debt owing by the appellant to the appellee.

## Hipp v. Huchett.

. The instrument in which the hypothecation, among other matters, is found authorizes the appellee, who was plaintiff in the court below, on failure of payment by the appellant, the defendant below, to expose, after twenty days' notice, the property mortgaged to sale at public auction.

The plaintiff prayed for a foreclosure of the mortgage, and that there might be a sale of so much of the mortgaged property as would satisfy his just demands, after twenty days' notice, according to the express agreement of the contract.

The judgment was rendered in substantial compliance with the 119th section of the statute to regulate proceedings in the District Courts, (Acts of 1846, 394,) viz, that the plaintiff should recover his debt, interest, and costs; that the mortgage be foreclosed, and the mortgaged premises sold by execution, under the terms of the statute, and if insufficient to satisfy the judgment, that execution issue for such deficiency, as provided by the statute.

There were errors assigned upon which a reversal of the judgment is sought:

1st. The overruling of the defendant's general exception to the petition.

2d. The judgment for the plaintiff on the pleadings and vouchers submitted to them.

3d. The refusal of the court to grant a continuance on the affidavit made by the defendant.

4th. The want of a final judgment, and for other errors apparent upon the record.

These assignments will be briefly examined, but not in the order of their arrangement.

The last ground for reversal, the want of a final judgment, will be first examined, as upon its determination will depend our jurisdiction over the cause.

It appears to be altogether without foundation. All the matters in controversy were concluded by the judgment; nothing is left open for further adjudication. No action is contemplated by the statute on the return by the sheriff of [22] his acts under the order for sale or of the execution; and were such the practice or the law, yet a decree of foreclosure and sale is regarded as final upon the merits, and further proceedings are regarded but as modes of executing the decree. (13 Pet. R., 15; 4 How. U. S. R., 503; 6 How. U. S. R., 204.)

. The demurrer was properly overruled, the petition being legally sufficient to support the action; nor was there any error—at least none such as is revisable by an appellate court—in refusing the application for a continuance.

The suit was commenced in 1846, to the knowledge of the defendant, though, the first service being set aside, he did not legally become a party to the suit until 1847.

The cause was continued at the instance of the defendant at the Fall Term, in 1847, and at the Spring Term, 1848; and the rule obtained by the defendant at the Fall Term, 1848, against the plaintiff, to secure costs, had the effect of operating a further continuance.

The litigation had, by, the continuances and other acts of the defendant, become quite protracted, and there was no evidence that he was then better prepared for trial than at the commencement of the suit.

Applications for continuances have been held ·by the courts in some of the States to be addressed to the discretion of the court, and their action on such applications is not the subject of revision. This doctrine has but a partial sanction in our decisions. For the first and second applications the statute has prescribed sufficiently certain and definite rules to guide judicial action, and these can no more be disregarded than other positive and ascertained rules of law; and the rulings of the courts upon them are the proper subjects of review. (Hipp v. Bissell, 3 Tex. R., 18.) But the Legislature has not defined the requisites of a third application; and we may well hold, as a general rule, that it is addressed to the discretion of the court, to be guided in its judicious exercise by the nature of the case, the circumstances under which the application

11

is made, and the object to be attained, viz, the fair as well as speedy trial of the cause. (Harp. R., 111.)

[23] There might, perhaps, be circumstances under which a refusal to grant a continuance would, even on a third application, operate such flagrant injustice as to induce its reversal by a superintending tribunal; but they would rarely arise, and are not to be found in this case.

The objection that the judgment is not in conformity with the pleadings and the evidence is the only important one in the cause, and will not be considered.

There appears to be no error in the amount. The plaintiff admits that he had received $300. This would leave $200 still due; and the interest is calculated from a period which is favorable to the defendant, viz, the date at which the last installment should have been discharged.

The question as to the character and quality of the relief which could be granted on the prayer and allegations of the petition is more important, and not without difficulty.

It will be perceived that the judgment does not conform to the prayer of the petition, but follows the statute; and the question arises whether this is erroneous. ·

The rules on the subject of relief to be prayed for and granted are found in the 5th section of the statute to regulate the proceedings in the District Courts, (Acts of 1846, 365,) and section 7 of the act to organize, &c., the District Courts. (Acts 1846, 202.) By the first the plaintiff is required to make a full statement of the relief he requires of the court; and by the second the court is invested with all powers necessary to afford such appropriate relief as may be prayed for, and is also empowered to so frame the judgments of the court as to afford all the relief which may be required by the nature of the case and is grantable by courts of law or equity.

It is impossible that the courts, by this last provision, may be invested with more ample authority to afford relief than could be obtained under the prayer for general relief in courts of equity.

[24] This prayer is, however, deemed sufficient to secure such decree to the plaintiff as he is entitled to under the circumstances of his case. (Story Eq. Pl., 40, 41; 1 Danl. Chan. Prac., 480; 2 Atk. R., 3; 3 Atk. R., 132.)

And it seems that in some cases relief will be granted different from the specific prayer, but consistent with the case made by the bill. (13 Ves. R., 919; 2 Sch. & Lef. R., 721.)

The relief, though different from that particularly prayed for, is not to be inconsistent with it; though, under extraordinary circumstances, the court has decreed in direct contradiction to the specific prayer of the complainant. (1 Cox. R., 581; 1 Danl. Ch. Prac., 481.)

In the cases above referred to there was, in addition to the specific prayer, one for general relief; and I have seen no case in which there was but a specific prayer that other and further relief was granted, or that different and inconsistent relief was extended and the specific prayer disregarded.

To this there is an exception, under some circumstances, in cases of charities, in which the court will give the proper directions, without any regard to the propriety or impropriety in the prayer of the information. (1 Atk. R., 355.)

It will not be necessary to the decision of this cause to define with precision the limits of the authority which is vested by statute in the courts to grant the relief required by the nature of the case, or whether the power be identical with or more ample than that possessed under the common law by courts of law and equity; nor is it intended that in ordinary cases the rules of correct practice as to the request and grant of relief should be relaxed.

The statute requires the petitioner to make a full statement of the nature of the relief he desires, and the decree should be founded on the prayer of his petition; and it cannot be permitted, ordinarily, that he should receive further relief without a general prayer for that purpose, or that the specific prayer should be disregarded and a different, inconsistent relief be extended.

But in the class of cases in which the judgment before the court is ranked the law has prescribed definitely the judgment that shall be rendered, if in favor of the plaintiff, who should have prayed generally for such judgment as he may be entitled to under the law, or for the specific judgment detailed in the statute.

But although this has not been done in this case, yet we are of opinion that the judgment, awarded in positive and precise terms by the law, cannot be refused.

The plaintiff might, under the terms of the agreement, have proceeded without the aid of the court to expose the property hypothecated to sale; but having availed himself of judicial power to enforce his security, the cause must take the ordinary course, and be concluded by the statutory judgment in suits for foreclosure. Whatever may have been the terms of the contract, yet neither party could require the courts of the country to modify the judgment they are directed by law to pronounce. Any portion of the relief sought not consistent with that directed by law to be awarded must be rejected as surplusage, and deficiencies in the prayer, for the same reason, supplied. As in cases of charities, the legal decree must be made without regard to the propriety or impropriety of the prayer of the petitioner.

The decree in this case affords more extensive relief than was requested by the plaintiff, but not more than he is entitled to under the law.

Neither party can have any substantial ground of complaint against the judgment, and there being no error, the same must be affirmed. An additional argument has been made, to the effect that the instrument which is the foundation of the action is a nullity, and cannot support a judgment. It is true that the instrument is signed by one only of the parties; but he alone assumes any obligations. The plaintiff has no duties to discharge, and there was no necessity for the affixing of his signature.

Judgment affirmed.

Note 5.—If the terms of the statute are complied with on the first and second applications, the court can exercise no discretionary power; the continuance must be granted. (Prewitt v. Everett, 10 T., 283; McMahan v. Busby, 29 T., 191.) The statute makes no provision for a third continuance, and whether or not it shall be granted must rest in the sound discretion of the court. It would require a strong case to warrant the control of that discretion by the Appellate Court. (Green v. Crow, 17 T., 180; Burrill v. The State, 18 T., 713; Brooks v. Howard, 30 T., 278.)

