## W. A. KERR AND ANOTHER v. C. C. COTTON.

In a suit by an agent, against his principals, the plaintiff is not a competent witness, to prove that he remitted by mail a sum of money, as directed by the defendants; that the steamboat, which carried the mail, was lost on the voyage; and that he immediately advised his principals, by letter, of the remittance and loss; though there be no other mode of proving the facts. The case is not an exception to the general rule, that a party cannot be a witness in his own cause.

An agent who remits money, in a manner unauthorised by the understanding with the principal, as to the mode of remittance, assumes the risk.

APPEAL from Karnes. Tried below before the Hon. M. P. Norton.

This was a suit brought by the appellants, who were forwarding and commission merchants, against the appellee, to recover a balance of $252.02, due on an account. The defendant pleaded a set-off, and in reconvention, and prayed judgment against the plaintiffs for $297.88. By agreement of counsel, the result of the case was to be determined by the decision of the court, upon the question, whether the plaintiffs were liable to pay to the defendant, the sum of $250, delivered by the defendant to the plaintiffs, by the hands of Mr. Robuck, on the 26th of May, 1857, claimed in the defendant's answer as money paid on account, to the plaintiffs, and leaving the plaintiffs indebted to him.

It was proved, that a letter from the defendant, was written to the plaintiffs, about the 20th of May, 1857, stating that the bearer, Mr. Robuck, would hand them $250; which he requested them to enclose to Biscoe & Simms, New Orleans, together with an order for corn, &c.; it was also proved, that the money referred to in the letter, was received by the plaintiffs, at the same time they received the letter. It was proved by the defendant, that in March, 1857, Clark, one of the plaintiffs, (who sued as partners,) sent a message to the defendant, to the effect, "that if he would send to the plaintiffs, money,

drafts could, nearly at all times, be procured at Lavacca, (where the plaintiffs resided,) on New Orleans; and that, if the defendant should wish to send money to New Orleans, and would send it to them, they would purchase drafts, if they could be procured, and forward them to New Orleans; or they would, on receipt of the money and orders for goods, write to the defendant's commission merchants in New Orleans, that they had such money in their hands, and forward such orders;" and that the defendant received the message. The plaintiffs read in evidence, letters from the defendant, one dated April 7th, 1857, and another, June 4th, 1857, stating that Mr. Robuck would hand them certain amounts, ($330 and $363.70,) to be forwarded to Biscoe & Simms, New Orleans: and referring to accompanying orders, to be forwarded with the money.

It was proved, that the mails were lost on the steamer Louisiana, reported to have been burned on the night of the 30th of May, 1857; and that the mails from Lavacca to New Orleans, were made up and despatched from the post-office to the steamer, on the evening of the 26th and 29th of that month.

The plaintiffs then offered to read in evidence, the affidavit of D. A. Clark, (one of the plaintiffs,) under an agreement of counsel, that it might be read; provided it should be held, that he was competent to testify. The affidavit proposed to prove, that on the 26th day of May, 1857, the plaintiffs received by the hands of Mr. Robuck, a letter dated May 20th, 1857, together with the money therein mentioned, and the order to Biscoe & Simms. That he mailed the order and money, by the first steamer, to Biscoe & Simms, New Orleans; that the mail by which the letter was forwarded, was destroyed by the burning of the Louisiana; that there were no witnesses by whom he could prove that the money was so forwarded; that on hearing of the burning of the Louisiana, he addressed a letter to Cotton, dated June 2d, 1857—a copy of which was attached to the affidavit, and also offered in evidence—which was substantially an acknowledgment of the receipt of the money, and ad-

vising the defendant, of the transmission of it by mail, and its loss on the steamer Louisiana.

The letter from the defendant, dated May 20th, 1857, to the plaintiffs, advised them, that Mr. Robuck would hand them $250, and requested them to enclose to Biscoe & Simms, New Orleans, together with an order for corn and flour, &c.

The defendant objected to the reading of this affidavit and letter; which objection was sustained by the court, and the plaintiffs excepted.

*J. J. Holt*, for the appellants, argued, that from the necessity of the case, the law permits a trustee to prove, by his own oath, the loss of the trust property; and this exception to the general rule, appears to be well sustained by adjudications. (Hill on Trustees, 837; and the following cases there cited: Morley v. Morley, 2 Chan. 2; Knight v. Earl of Plymouth, 3 Atk. 480; Jones v. Lewis, 2 Ves. 240; 2 Fonbl. Eq., b. 2, ch. 7, § 4; Story's Eq. Jur. § 1269.)

*L. S. Lawhon*, for the appellee.

WHEELER, C. J.—We are of opinion, that the court did not err, in excluding the affidavit and letter of the plaintiff, offered to prove the remittance and loss of the money. The plaintiffs were acting as the defendant's agents; and there is nothing in the case to take it out of the general rule, that a party cannot be his own witness, or manufacture evidence for himself.

Moreover, the remittance of the money, appears to have been in a manner unauthorised by the understanding between the parties; and so at the plaintiffs' own risk. There is no error in the judgment, and it is affirmed.

Judgment affirmed.