## W. W. BUSH V. SOLOMON BARRON.

### No. 6726.

1. **Depositions—Defective Certificate.**—The officer's certificate, "sworn to and subscribed before me this August 25, 1887," following the signature of the witness and signed "John H. Smith, justice of the peace, Ellis County, Texas," was questioned in motion to suppress the deposition. *Held:*

1. Quære, whether the justice failing to sign as ex officio notary public is sufficient.

2. The certificate itself is defective in not showing that the answers were sworn to and subscribed *before the officer.*

3. The caption to the answers may be resorted to in aid of the certificate, but together they must show a compliance with the statute.

2. **Failure to Answer to a Cross-Interrogatory.**—Motion to suppress depositions of a witness on ground that witness had failed to answer a material cross-interrogatory. It appeared from other parts of the depositions that the witness had stated clearly facts sought for by the cross-interrogatory. *Held*, the objection was properly overruled.

3. **Conversations with a Deceased.**—Conversations when otherwise pertinent and competent are not grounds of error because the objecting party sought to prove that the property was owned by the deceased. The plaintiff who so testified was claiming in his own right, not under the deceased as heir.

4. **Declarations Against Interest.**—A defendant claimed the animal sued for under an administration sale. It was competent for plaintiff to prove declarations of the deceased acknowledging the plaintiff's title in the animal.

5. **Irrelevant and Immaterial Testimony.**—The plaintiff sued for a jack. The defendant asserted title under an administration sale, and offered in evidence a bill of sale by the administratrix "conveying the remainder of the stock of horses of said estate." It was not insisted upon that the jack was included therein, or was part of the estate. *Held*, the bill of sale was immaterial and irrelevant.

6. **Limitation of Two Years.**—In charging upon defense of two years limitations in a suit for personal property the court properly refused to include with the defendant's possession that of "those under whom he claims" when there was no evidence of possession by the vendor of the defendant.

7. **Grounds of Reversal.**—The depositions improperly admitted were directly to ownership by plaintiff, and although there was other testimony supporting the verdict the improper admission of the depositions was ground for reversal.

APPEAL from Fisher. Tried below before Hon. J. V. Cockrell.

· ·In the year 1880 Thomas Barron, son of appellee, acting as agent of appellee, purchased for appellee from one Lacy, in Ellis County, Texas, two American jacks of the value of $525 each, one of which is the animal in controversy in this cause. The one in controversy was brought to appellee's Fisher County ranch in 1880 or 1881, and was there branded in appellee's duly recorded brand, which brand is on the left thigh and called "steeple 5."

Said animal remained in the possession of appellee, which possession was open and adverse and continuous until about December 15, 1886, when appellant took forcible possession of said jack, claiming to have purchased him from the estate of Thomas Barron, deceased, by and through a bill of sale that conveyed a remnant of a stock of horses belonging to the estate of Thomas Barron, deceased, branded "steeple 5" on the right thigh.

The approved inventory of the estate of Thomas·Barron, deceased, showed three Spanish jacks and one jenny, of the aggregate value of $150.

Appellee as soon as he was informed of appellant's appropriation of the jack at once filed this suit, praying for a writ of sequestration, and valuing the jack at $525 and the value of the fruits and hire of said jack at $500.

The cause was tried at the March Term, 1888, of said court by a jury, and resulted in a verdict for appellee for the jack or his value ($300) and for $150 as the value of his fruits and hire.

Defendant appeals from that judgment.

Other facts are given in the opinion.

*Cowan & Fisher*, for appellant.—1. The deposition complained of was not taken and returned in manner and form required by law, was illegal and not competent, and should have been suppressed on motion and not admitted as evidence on the trial of this cause. Rev. Stats., arts. 2229, 2231; Chapman v. Allen, 15 Texas, 278; Slaughter v. Rivenbark, 35 Texas, 68; Thompson v. Haile, 12 Texas, 139; Laird v. Ivens, 45 Texas, 621.

2. The declarations of Thomas Barron, deceased, were inadmissible as evidence of title in appellee against appellant as vendee either of the said Thomas Barron in his lifetime or as vendee of his estate; the declarations of a vendor can not be received in evidence to impeach the title of his vendee for value without notice. Paige v. Cagwins, 7 Hill, 361; Abb. Trial Ev., sec. 31, and authorities cited.

3. In actions by or against executors, administrators, heirs, or legal representatives of a decedent, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator or intestate unless called to testify thereto by the opposite party, and such provision extends to and includes the vendees of such decedent or his estate. Rev. Stats., art. 2248; Parks v. Caudle, 58 Texas, 216; Simpson v. Brotherton, 62 Texas, 170; Stringfellow v. Montgomery, 57 Texas, 349.

4. The court erred in sustaining and in not overruling the objections of plaintiff to the testimony offered by the defendant, and in not permitting said testimony to go before the jury, which testimony so offered and excluded was as follows, to-wit:

(1) Order of sale of Probate Court of Nolan County, showing authority of the administratrix of estate of Thomas Barron, deceased, to sell the remainder of stock horses of said estate.

(2) The report of and order of confirmation of said sale, which was made by said administratrix.

(3) The bill of sale from said administratrix to this defendant, conveying to him all the remainder of the stock of horses owned by said estate.

(4) The testimony of said administratrix and the ranch manager G. N. Gentry, that by said sale they intended to and as they thought did sell and convey to defendant all the jacks belonging to said estate of Thomas Barron, deceased, and that estate had never before or since sold any jacks belonging to said estate. Webs. Dic., "horse" and "ass;" Allison v. Brookshire, 38 Texas, 199; Robinson v. Robertson, 2 Ct. App. C. C., sec. 254; Richardson v. Duncan, 2 Heisk., 220.

*H. C. Hord*, for appellee. — 1. No technical form is required by statute. A substantial though not a literal compliance therewith is all that is necessary. Railway v. Larkin, 64 Texas, 457; Carroll v. Welch, 26 Texas, 147; Ballard v. Perry, 28 Texas, 347.

2. The court did not err in admitting the testimony to the declarations of Thomas Barron, deceased, as to the ownership of the jack in dispute. All declarations in disparagement of the title of the declarant are admissible as original evidence. 1 Greenl. on Ev., secs. 108, 109; Hays v. Hays, 66 Texas, 606; Collins v. Cook, 40 Texas, 238; Coleman v. Smith, 55 Texas, 254.

3. The court did not err in admitting the testimony of appellee in regard to statements made about the ownership of the jack by Thomas Barron in his lifetime, there being no issue in this case between the estate of Thomas Barron, deceased, and appellee, Thomas Barron having merely been the agent of appellee in the purchase of said jacks, and appellant being clearly a naked trespasser seeking by parol to set up an equitable title in estate of Thomas Barron, deceased, to the jack. Bennett v. Frary, 55 Texas, 145.

4. The court did not err in sustaining appellee's objections to the introduction of the order of sale, report of sale, and bill of sale to appellant. Appellee's objection to said testimony being, first, because the testimony was irrelevant; second, because the instrument offered did not tend to show title in appellant to the jack in controvery; third, because the inventory of said estate as was admitted showed only three Spanish jacks and one jenny, all of the aggregate value of $150, and none of the instru-

ments offered conveyed or attempted to convey any jacks whatever. Withee v. Fearing, 23 Texas, 503; Johnson v. Brown, 25 Texas Supp., 120.

5.  A recorded mark and brand is prima facie evidence of ownership, and is notice to all subsequent purchasers.  47 Texas, 568; 1 Ct. App. C. C., sec. 858; Rev. Stats., arts. 4560, 4561, 4574.

HOBBY, JUDGE.— The appellee Solomon Barron brought this suit against W. W. Bush to recover a certain jack claimed by plaintiff, and alleged to have been taken and converted by defendant on December 1, 1886.  The suit was instituted in May, 1887.  The value of the jack was alleged to be $525, and damages for his use were laid at $500.

The defendant pleaded a general denial, statute of limitations of two years, and title in himself.  A trial before the jury resulted in a verdict for the plaintiff for the sum of $300, the value of the animal, and $150 damages.  This judgment is appealed from.

The first error assigned is the action of the court in overruling defendant's motion to suppress the depositions of plaintiff's witnesses Joe Barron and Neil Morrison, for the reasons stated in bills of exception Nos. 1 and 2.  The objections to the depositions were that they were not taken before an officer authorized by law to take the same; that the certificate of the officer fails to give the name and official character of said officer, and does not state that the answers to the interrogatories and cross-interrogatories were made and signed and sworn to before said officer by the witness Joe Barron.

The officer's certificate is as follows: " Sworn to and subscribed before me this August 25, A. D. 1887.  John H. Smith, justice of the peace, Ellis County, Texas."  The receipt of the postmaster recites that he received the depositions from "J. H. Smith, J. P., Ellis Co.," etc.

Subdivision 1 of article 2226 of the Revised Statutes provides in substance that the commission to take the answers of a witness residing in the State, when his evidence may be desired in the form of depositions, shall be executed, etc., by "any clerk of the District Court, judge or clerk of the County Court, or any notary public of the proper county."

It does not authorize a justice of the peace, unless it does by reason of the fact that he is under our law ex officio a notary public.  In the present case it might be admitted that the certificate sufficiently shows the officer to be an ex officio notary public, and still the assignment of error is well taken and the motion to suppress the deposition should have prevailed. The officer's certificate, we think, failed to show, as the statute required it should, that the answers to the interrogatories and cross-interrogatories were signed by the witness before him.  It is essential that the certificate should show this; or if it does not appear therefrom alone, the caption may be resorted to to aid in this respect the certificate, and if from both it satisfactorily appears it will be sufficient.  In this case the caption is

simply as follows: "Answers to interrogatories propounded by plaintiff to Joe Barron, a resident of Ellis County, Texas." This does not, when read in connection with the certificate, show that the answers were signed by the witness before the officer.

The motion to suppress the depositions of the witness Joe Barron we think should have been sustained. Chapman v. Allen, 15 Texas, 282; Thompson v. Haile, 12 Texas, 139; Slaughter v. Rivenbark, 35 Texas, 69.

The grounds of objection to the deposition of the witness Neil Morrison were that he had failed and refused to answer defendant's cross-interrogatory No. 1 in this, that he failed to state "when and where the conversation about the subject matter occurred between him and Thomas Barron." The witness was asked, in substance, "if he related any conversation had, etc., between Thomas Barron and any one else in relation to the jack, state when and where you heard it," etc.

The answer was, "I don't remember any one being present; our conversation was of a private nature."

This witness had stated in answer to the direct interrogatory that "Thomas Barron, at his house in Ellis County, in 1880, had told him when taking the jack to appellee's ranch in Fisher County that he had bought it for appellee at his direction and with his money." This we think fully answered the question of appellant as to when and where the conversation occurred.

It is true that the answer to the cross-interrogatory is not responsive. But the answer to the direct interrogatory does contain the information as to the time and place of the conversation referred to, and no more than this could have been attained had the answer to the cross-interrogatory contained the same information.

The second assignment is that the court erred in allowing the plaintiff Solomon Barron to testify to conversations had with the deceased and statements made by the latter with reference to the title to the jack, the said Thomas Barron having since died.

There was no error in admitting this evidence. Solomon Barron, the appellee, was not claiming the animal as the heir of Thomas Barron, deceased, or under him. No judgment could have been rendered against him or for him as such heir. He was claiming in his own right and denying that Thomas Barron or any other person had any title adverse to him. Article 2248 of the Revised Statutes has no application to his testimony.

The appellant's next assignment is, in substance, that there was error in admitting the testimony of the witnesses Joe Barron, Neil Morrison, and Hamp Collett as to the declarations of Thomas Barron to the effect that he had purchased the animal with his father's (appellee's) money and under his directions for him. The objection urged to this evidence was that Thomas Barron was appellant's vendor. There was no evidence of any title or claim to the property in controversy from Thomas Barron to

appellant. The statements testified to by the witnesses named were made during Barron's lifetime and before appellant set up any claim. Appellant's claim was under an alleged sale by Barron's administrator. The objection to the evidence, we think, was properly overruled.

Neither do we think there was error in excluding the order of sale, report, and confirmation thereof by the Probate Court of Nolan County, and the bill of sale from the administratrix of the estate of Thomas Barron to appellant conveying the remainder of the stock of horses of said estate. It was not pretended that the jack in controvery was embraced in this bill of sale or that this animal constituted any part of the estate of Thomas Barron. It seems to have been admitted that the inventory of the estate showed of this character of property only "three Spanish jacks and one jenny," and that prior to this sale no jacks had been sold by the estate. The evidence was immaterial and irrelevant.

The charge of the court that the "recorded brand and mark of Solomon Barron was evidence proper to consider in connection with all the facts," etc., is objected to. We think there was no error in giving this charge.

The appellant complains that the court refused to give a special charge to the jury to the effect that if appellant or those under whom he claimed, etc., had had two years adverse, etc., possession of the jack prior to this suit, they would find for him. The court did instruct the jury as above indicated, omitting the language "or those under whom he claims." This, we are of opinion, was in accord with the facts proved. There was no evidence of any adverse possession of the animal by Thomas Barron or his estate or any one under whom defendant claimed, and it would have been error to charge upon the theory of such possession.

The assignment to the effect that the verdict is contrary to and not supported by the testimony is untenable.

The verdict is supported by the proof in the case. But we are not able to say to what extent this verdict was influenced by the testimony of the witnesses erroneously admitted. The deposition of the witness Joe Barron was upon a vital issue—the ownership of the property. That testimony was emphatic as to the declarations of Thomas Barron, deceased, that the property belonged to appellee; that he purchased it for him at his request and with his money. As this testimony, although there was other to the same effect, was well calculated to control the verdict and was improperly admitted, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 17, 1890.