## WILLIAMS v. FOSTER. (No. 1555.)

(Court of Civil Appeals of Texas. Amarillo. April 6, 1921.)

1. Guardian and ward ⊂⇒17—Judgment appointing guardian held conclusive as to matters showing that another should have minor's custody.

A judgment of the district court appointing a guardian of a minor which has been affirmed by the Court of Civil Appeals is conclusive as to matters set up in affidavits tending to show that other persons should have the custody of the minor at least for a short time, and such matters cannot properly be considered until the judgment is put into effect and the guardian has qualified.

2. Appeal and error ⊂⇒1217—Court affirming judgment appointing guardian has jurisdiction to enforce it until proper proceedings taken in county court.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3639, 4050, 4080, 4083, and 4297, until a judgment of the district court, affirmed by the Court of Civil Appeals, appointing a guardian, has been certified to the clerk of the county court, filed, recorded, and docketed, and orders made by that court fixing the amount of the bond, approving the bond, appointing appraisers, and directing the issuance of letters of guardianship, the Court of Civil Appeals has jurisdiction, by proper process under article 1592, to require the execution of the judgment affirmed by it.

3. Courts ⊂⇒475(2, 3)—While proceedings for appointment of guardian were pending court of another county without jurisdiction to appoint temporary guardian and issue injunction.

While proceedings looking to the appointment of a guardian for a minor instituted in the county court of F. county were still pending in the district court on appeal, the probate court of another county had no authority to appoint a temporary guardian or issue an injunction in aid of the jurisdiction illegally assumed.

4. Guardian and ward ⊂⇒29 — County court without authority to issue process to give guardian custody until guardian qualifies.

Whatever writ or process a guardian may be entitled to under Vernon's Sayles' Ann. Civ. St. 1914, art. 4122, in order to obtain the ward's custody, the county judge had no authority to issue a writ commanding the sheriff of another county to take the minor into custody and deliver her to the sheriff of the

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county of the guardian's appointment, until the guardian had qualified by filing bond and taking an oath under article 4110.

Error from District Court, Floyd County; R. C. Joiner, Judge.

Proceedings between S. E. Williams and J. J. Foster commenced in the county court. A judgment of the district court appointing Foster as guardian of a minor was affirmed by the Court of Civil Appeals, and Foster applies for a writ of prohibition against proceedings in the county court of another county. Temporary restraining order made permanent conditionally.

Kenneth Bain, of Floydada, and B. Frank Buie, of Canyon, for S. E. Williams.

A. P. McKinnon, of Floydada, for J. J. Foster.

HALL, J. This is a proceeding by defendant in error, Foster, filed in this court March 17, praying for a writ of prohibition against the county judge of Randall county and plaintiff in error, S. E. Williams, requiring them to set aside a writ of injunction by the said county judge restraining the sheriff of Randall county from delivering into the custody of the sheriff of Floyd county a minor, Alta Grace Williams, and an injunction restraining said county judge from issuing any further orders or doing anything which will hinder and delay the enforcement of a certain judgment of the district court of Floyd county, which was certified to the county court of said county, decreeing that defendant in error be appointed guardian of the person of said minor. The prayer is further for a writ of injunction against S. E. Williams restraining him from making any further application to any court for any writ that will have the effect of delaying the applicant in the enforcement of said judgment appointing him guardian, and restraining the said Williams from removing said minor beyond the jurisdiction of this court. Without setting out the proceedings in full, suffice it to say that in a contested proceeding between plaintiff in error and defendant in error the former was appointed by the probate court of Floyd county as guardian of the person of said minor at the October term, 1915, of said court. From this order defendant in error appealed to the district court of Floyd county, where on March 15, 1918, a judgment was rendered decreeing that defendant in error be appointed guardian of said minor, revoking the orders of the probate court of Floyd county appointing plaintiff in error Williams as guardian, and reciting in part:

"It is further ordered by the court that the clerk of this court forthwith transmit to the clerk of the county court of Floyd county, Tex., a certified copy of this judgment for the observance of said court; that the clerk of said county court, upon receiving a certified copy of this judgment from the clerk of this court, file the same and record said certified copy upon the minutes of the probate court of Floyd county, Tex., and note same upon the probate docket, and that the county judge make such orders as may be necessary for the enforcement of this judgment."

Plaintiff in error, Williams, appealed from said judgment of the district court, and by an original opinion of this court, filed October 22, 1919, and an opinion on motion for rehearing filed November 19, 1919, the judgment of the district court appointing defendant in error as guardian of said minor was affirmed. Mandate was duly issued from this court on the 3d day of January, 1921. On March 21, 1921, defendant in error filed his application in this court showing that Mrs. Sarah W. Williams, wife of plaintiff in error, applied for a writ of injunction to the county judge of Randall county, acting by and through the advice and consent of her husband, plaintiff in error, that she had applied for letters of temporary guardianship of said minor, which had been granted, and that she was applying for letters of permanent guardianship, and praying that she be made a party to this proceeding. This court, on the 19th day of March, 1921, issued a temporary restraining order against all of the defendants, restraining them from interfering with the minor or the orders of this court, and fixing the 29th day of March, 1921, as the date upon which they were required to appear and show cause why a writ of prohibition should not issue and the restraining order made permanent, and upon that date all parties appeared by their attorneys. It appeared upon the hearing that in pursuance to the mandate of this court the judgment of the district court of Floyd county was duly recorded in the minutes of the county court of said county, and on the 14th day of March, 1921, Hon. J. N. Stalbird, special county judge in said cause, entered an order with the clerk of the county court of Floyd county, Tex., to issue an order to the sheriff of Randall county, Tex., directing him to take into his custody the person of said minor and that he forthwith deliver her into the custody of the sheriff of Floyd county, Tex.; that when the sheriff of Floyd county came into the possession and custody of said minor that he forthwith deliver her into the custody of J. J. Foster, the legal guardian of said minor; that on the 15th day of March the order was placed in the hands of the sheriff of Randall county, and on the same day he made the following return:

"Came to hand 15th day of March, 1921, and not executed for the reason that a writ of injunction issued out of the county court of Randall county, Tex., served on me, restraining me from executing this writ."

It was further shown that on the 30th day of November, 1920, S. E. Williams applied

to the district judge of Floyd county and obtained a temporary writ of injunction restraining the defendant in error from enforcing the judgment of the district court, which was affirmed by this court; that this injunction was subsequently dissolved by the district judge.

[1] Some ex parte affidavits have been filed here, the effect of which, if considered, would tend to show that S. E. Williams or his wife should possibly be given the custody of the minor, at least for a short time, but all such matters, so far as this inquiry is concerned, are concluded by the judgment of the district court which was affirmed by this court, and the matters set up in said affidavits cannot, in our opinion, be properly considered until said judgment is put into effect and the guardian so appointed has qualified.

[2] It was not shown that defendant in error, Foster, had filed his bond and taken the oath as guardian, as provided by V. S. C. S. art. 4110. Until he so qualifies the rule seems to be that he is not authorized to take charge of the person of the minor (Roberts v. Stuart, 80 Tex. 379, 15 S. W. 1108); nor was it shown that after the judgment of the district court had been certified to the county court of Floyd county the probate judge had in term time fixed the amount of the guardian's bond and approved the same and ordered the issuance of letters of guardianship, as required by V. S. C. S. arts. 4050, 4080, and 4083. It seems to be contemplated by articles 4297 and 3639, V. S. C. S., that when the judgment of the district court has been certified to the clerk of the county court, the latter shall file the same and record it upon the minutes of his court, and note it upon the docket, and subsequently the county judge of that county should make all orders necessary to the enforcement of the judgment. These, as we understand it, would be orders fixing the amount of the bond, approving the bond, appointing appraisers for the estate, and directing the issuance of letters of guardianship. These things are necessary to complete the appointment and perfect the status of the guardian as such. Until this is done the proceeding

is under the jurisdiction of this court and this court is authorized by proper process to require the execution of the judgment which has been affirmed. Under V. S. C. S. art. 1592, this court has power to issue writs of mandamus and all other writs necessary to enforce its jurisdiction.

[3] While the proceedings looking to the appointment of defendant in error as guardian instituted in the county court of Floyd county were still pending, it is clear that the probate court of Randall county had no authority to appoint a temporary guardian or to issue an injunction in aid of a jurisdiction illegally assumed.

[4] We further hold that the writ issued by the special judge of Floyd county commanding the sheriff of Randall county to take the minor into custody and deliver her to the sheriff of Floyd county was unwarranted. In fact, the issuance of any writ of process to that end would be unwarranted until defendant in error had qualified as guardian. It is provided by article 4122, V. S. C. S., that the guardian of the person is entitled to the charge and control of the person of the ward and the care of his support and education. It is not necessary for us to decide what writ or process should be resorted to after his qualification to effect this end. Article 4110, V. S. C. S., requires that the oath and bond of one appointed guardian shall be presented to the county judge within 20 days after the order appointing such guardian, either in term time or in vacation, for the action of the judge.

Our ruling is that the temporary restraining order heretofore granted by this court be continued for 20 days after the order has been entered by the probate judge of Floyd county fixing the amount of the bond. If at that time defendant in error shall qualify as provided by the statutes, then the restraining order heretofore granted by this court is made permanent, subject to such rights of removal of the present guardian or change of custody of the minor as under the existing rules of law may be determined. If at the expiration of said 20 days defendant in error has not duly qualified as guardian, the restraining order is dissolved.