CURETON, C. J. Opinion of the Commission of Appeals is adopted, and mandamus refused, and mineral permit adjudged extended, as recommended by the Commission.

## MITCHELL v. DEANE et al. (No. 959–4913.)

Commission of Appeals of Texas, Section B. Nov. 28, 1928.

J. D. Kugle, R. T. Meador, and William M. Cramer, all of Dallas, for plaintiff in error.

Cockrell, McBride, O'Donnell & Hamilton and John Davis, all of Dallas, for defendants in error.

SPEER, J. The writ of error was granted herein to the judgment of the Court of Civil Appeals for the Eighth District, wherein the judgment of the trial court was affirmed. 294 S. W. 347. The case is a will contest, and the sole question presented is whether or not the witness Pauline Mitchell, wife of the son of the deceased, was a competent witness under the statute to testify as to transactions with the deceased.

The witness' husband was a party to the proceeding, but she was neither a necessary or proper party nor was she an actual party. Article 3716, Revised Civil Statutes, provides:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

Mrs. Mitchell not being an actual party to the suit, she does not come within the letter of the statute. The article, however, has been construed to apply to the wife of an actual party, where the subject-matter of the suit was the community property. Simpson v. Brotherton, 62 Tex. 170. This interpretation of the statute is thoroughly justified, upon the ground that in such a case the wife is a real party to the suit, represented, it is true, by the husband, but nevertheless a party bound by estoppel by the judgment rendered in the case. The suit instituted by the husband under the authority of the statute is as certainly her suit as though she had instituted it herself. This interpretation of the statute, however, does not control the present case, for the subject-matter of this proceeding is the separate property of the husband.

But it is contended that the rents and revenues of the husband's separate property are community, and the wife, therefore, has an interest in such rents and revenues, for which reason she comes within the condemnation of the statute, and her testimony should have been excluded. This contention cannot be sustained. Interest in the suit does not disqualify. In the case of community property, the wife has a vested right, and under the statute the husband is made her agent for purposes of control, including suit, where necessary, and she is therefore a party by actual representation. This is not true with respect to the husband's suits concerning his separate property. The wife has no vested right in the husband's separate property; her rights are at best potential and contingent upon there being realized a profit by way of rents, revenues, or increase. These things are not directly involved in this litigation, and, though such potential rights may be affected, it is merely incidental, in the same way that a child, as prospective heir, might be interested in the parent's litigation. This would not constitute such child a party within the statute being considered. Mrs. Mitchell having no present interest in the subject-matter of the suit, and not being a party

thereto in any just sense, she was a competent witness, and the courts did not err in so holding. The case is ruled by Gamble v. Butchee, 87 Tex. 646, 30 S. W. 861.

We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be affirmed.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court affirmed.