No. 2325.

## W. E. HARRIS ET AL. *v*. A. H. SEINSHEIMER.

1. SEPARATE PROPERTY—NOTICE—PURCHASER.—Though land conveyed to the husband during coverture is presumed to be community property, and the purchaser at execution sale under a valid judgment against him takes title, it is otherwise if the wife's separate property was given for the title. She then becomes the equitable owner, and notice of her rights given at such execution sale will defeat any right the purchaser would otherwise have acquired.

2. EVIDENCE—WITNESS.—One who, being party to a suit, claims title to land by deed from a deceased mother, in a suit where the plaintiff's title is a sheriff's deed under execution sale to satisfy a judgment against the deceased father, is not disqualified by Article 2448, Revised Statutes, from testifying from his own knowledge that the title to the property which, before judgment, was conveyed to his father, was, in fact, paid for with the separate means of his mother.

3. JUDGMENT LIEN—HOMESTEAD.—The interest of an heir inherited in the homestead property of his father is subject to judicial sale for the payment of the debt of the heir, and to that interest a judgment lien attaches from the date of its registry in the county where the land is situated, if the situation of the heir is not such as to exempt his interest from forced sale.

4. SAME.—A purchaser of such interest would acquire no right to possession of any part of the property so long as the surviving mother retained homestead rights in it.

APPEAL from Brazos. Tried below before the Hon. W. E. Collard.

No briefs have reached the Reporter.

STAYTON, ASSOCIATE JUSTICE.  The appellee brought this action against W. E. Harris and wife and C. A. Harris and wife, to recover two lots in the city of Bryan.  He claims under a purchase made at a sale under execution against W. E. and C. A. Harris.  The judgment under which he claims was recorded in Brazos county May 11, 1885, and he bought July 6, 1886.  The two lots were bought by A. A. Harris in May, 1871, he then being and continuing to be a married man until his death, which occurred in 1874.

There was nothing in the deed to show that the lots were paid for with the separate means of his wife, but on the trial the defendants proposed to prove that this was true by the evidence of C. A. Harris, who proposed to state that within his own knowledge this was so, but his evidence was excluded on the ground that, being a party to the action, he could not testify to any transactions with or declarations by his father or mother. The widow of A. A. Harris continued to live on the lots until her death, which occurred January 25, 1886, though she was absent from the property for a short time before that event.

On December 10, 1885, the widow of A. A. Harris conveyed the north half of the lots to C. A. Harris, who, having married before that time, occupied the part of the lots so conveyed to him as his homestead continuously from some time in September of that year.

When the widow died she left a will by which she bequeathed the south half of the lots to the wife of W. E. Harris, who, as soon as they could get possession of it, after the death of the testatrix, moved upon it and have since occupied it as their homestead.  C. A. and W. E. Harris gave notice of their claim at the sheriff's sale, as did the wife of W. E. Harris.

If the lots were paid for with the separate property of the wife of A. A. Harris, she was the equitable owner, and the notice given at the sheriff's sale of the claims of the several parties was sufficient to put the purchaser on inquiry and to defeat any right he would have acquired had he purchased without notice. If the lots were the separate property of the widow of A. A. Harris, it is evident that the purchaser at sheriff's sale took nothing; for at the time the conveyance of the north half of the lots to C. A. Harris was made, he had a family and was occupying as a homestead that part of the lots, and the judgment lien

never attached; and title to the south half of the lots passed to the wife of W. E. Harris by the will of his mother. It then was important to show whether the property was bought with the separate means of the wife of A. A. Harris.

The bill of exceptions does not show that C. A. Harris proposed to testify to any transaction with, or declaration by, his father or mother, but as to the fact within his own knowledge that the separate means of his mother paid for the lots.

This was admissible if Article 2248, Revised Statutes, has application. We are of opinion, however, that the statute has no application in this case. The plaintiff in this case claims the lots on the ground that they were the property of C. A. and W. E. Harris at the time he bought.

The statute does not render any person incompetent to testify as to any matter to which any witness may testify under the rules governing the admission of evidence because he is a party to the action or interested in the issue to be tried. It does declare that "in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party, and the provisions of this Article shall extend to and include all actions by or against the heirs or legal representatives of a decedent, arising out of any transaction with such decedent." (Rev. Stats., art. 2248.)

This is not an action by or against an executor, administrator nor guardian, nor is it an *action* against or by heirs, or legal representatives of a decedent, *arising out of any transaction with* such decedent.

If the plaintiff was asserting against the defendants, as heirs of A. A. Harris or his wife, some claim arising out of a transaction had between himself, or some one under whom he claims, and the father or mother of C. A. Harris, then the witness could not testify as to any transaction between them, or statement by his deceased parent. Neither the letter nor spirit of the statute set out above have any application in this case, and the witness ought to have been permitted to give evidence as to any fact which would be admissible if coming from any other witness.

The judge who tried the cause found that the lots were community property, but held that the judgment lien would not attach until the death of the widow of A. A. Harris. This we think was

error, for, if the property was community, W. E. and C. A. Harris inherited one half of it from their father, and their interest would be subject to sale for their debts, and on this interest the judgment lien would attach from the date of the recording of the judgment against them, if their situation was not such as to exempt their interest from sale for the payment of debts. A purchaser of their interests, however, would acquire no right to possession of any part of the lots so long as their mother lived or desired to occupy them. What effect her conveyance to C. A. Harris would have upon her homestead right in so much of the property as she conveyed, it is unnecessary now to inquire.

C. A. Harris had no family until June 24, 1885, and intervening that date and the record of the judgment, could claim no exemption so far as the record before us shows.

Whether W. E. Harris lived on the lots after his marriage, or with the consent of his mother so used them as to acquire a homestead right before the judgment lien attached, does not appear.

For the errors noticed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 11, 1887.