First National Bank of Houston v. South Beaumont Land & Improvement Company et al.

Decided April 13, 1910.

**1.—Execution Sale—Inadequacy of Consideration.**

Inadequacy of consideration alone is not sufficient, even on direct attack, to require or justify the vacating of a sale under execution; there must also be some irregularity that is calculated to prevent a sale at a fair price.

**2.—Same—Purchaser—Title.**

A purchaser at execution sale without notice of irregularities in the proceedings leading up to the sale, is protected in his title if the judgment under which the sale is made be valid and the execution and sheriff's deed be regular; such purchaser is not bound to do more than to show a valid judgment, execution and sale.

**3.—Same—Irregularity.**

An irregularity in an execution sale to be sufficient to set the sale aside must be one of which an intending purchaser had notice or of which he was chargeable with notice and which was reasonably calculated to deter him from bidding. It will not be presumed that such a purchaser looked any further into the record than was necessary to satisfy himself that he would be protected in the title which he might acquire by purchase at the sale. Hence, it will not be presumed that a defect in the sheriff's return upon the citation upon which judgment by default was rendered, deterred persons from bidding at the sale and caused or contributed to the inadequacy of price for which the property sold.

**4.—Corporation—Conversion of Stock.**

A corporation which refuses to make a transfer to the rightful owner of shares of its stock and to issue a certificate for the same in lieu of the original certificate tendered for cancellation, may be sued as for conversion of the stock.

**5.—Appeal—Cross Assignment—Practice.**

Cross assignments of error attacking findings of fact by the trial court will not be considered on appeal when it does not appear that the appellee excepted to the findings of the trial court or to the judgment rendered thereon.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*L. B. Moody,* for appellant.—The mere failure of the sheriff of Jefferson County to use the word "Jefferson" instead of the word "Harris" would not constitute an irregularity calculated to affect the price at which said stock sold at sheriff's sale, nor was it calculated to prevent a sale of said stock at a fair value, because the law does not re-

quire an intending purchaser at a sheriff's sale to examine the record back of the judgment, and the judgment and order of sale being perfectly regular, it will be presumed that all intending purchasers knew that nothing more was necessary in order to protect them. Allen v. Pierson, 60 Texas, 607; Irvin v. Ferguson, 83 Texas, 495.

When there are no irregularities whatever in the judgment, nor in the order of sale issued thereunder, nor in the advertisement of sale, nor in the sale itself, mere inadequacy of price does not authorize the setting aside of a sheriff's sale. Moore v. Perry, 13 Texas Civ. App., 204; Hunstock v. Roberts, 55 S. W., 514; Pearson v. Flanagan, 52 Texas, 280; Smith v. Perkins, 81 Texas, 157; Irvin v. Ferguson, 83 Texas, 495.

*Greer & Minor,* for appellees.—The attack made by Polk on the sale of the stock was not an attack on the judgment; it was an attack on the sale itself based upon the grossly inadequate price paid coupled with certain irregularities, and it has always been held that, even though there be a valid judgment, an execution sale under it may be set aside for any irregularity, either in the levy, the advertisement, the manner of sale, or even from external facts, that would tend to cause a sale at a grossly inadequate price; for under such circumstances it is considered a legal fraud for the purchaser to insist on holding the property at such grossly inadequate price. Ballard v. Anderson, 18 Texas, 386; Chamblee v. Tarbox, 27 Texas, 146; Taul v. Wright, 45 Texas, 395; Weaver v. Nugent, 72 Texa, 272.

The court did not err in its third conclusion of fact and law, to the effect that the sheriff's sale of said stock should be set aside for the irregularity of the citation, because such irregularity, under the circumstances, was calculated to cause the stock to sell at a grossly inadequate price; and, since it did sell, as found by the court, at a grossly inadequate price, the sale should be set aside as the court found. Furthermore, there were other irregularities, to wit: the want of levy and notice, and other facts that should have impelled the court to the same conclusion. So, it was a correct conclusion for the reasons assigned, and for other reasons not assigned. Taul v. Wright, 45 Texas, 395; Weaver v. Nugent, 72 Texas, 280; Ballard v. Anderson, 18 Texas, 386; Chamblee v. Tarbox, 27 Texas, 146; Hughes v. Duncan, 60 Texas, 74; Johnson v. Daniel, 25 Texas Civ. App., 587; Leeper v. O'Donohue, 18 Texas Civ. App., 531.

McMEANS, ASSOCIATE JUSTICE.—The First Notional Bank of Houston, appellant, brought this suit against the South Beaumont Land & Improvement Company, appellee, for damages for conversion, alleging that appellant was the owner of certain shares of stock in said company, evidenced by a certificate which had been issued to I. D. Polk, and which had been acquired by appellant, and that it had presented said certificate to said company and demanded that said shares of stock be transferred to it on the books of said company and the issue to appellant of a new stock certificate, but that such company refused to make such transfer, refused to issue the new certificate, and refused to recognize any right of appellant in said

company or its stock, wherefore appellant alleged that said company had converted said stock, alleged its value and prayed judgment therefor.

The appellee, South Beaumont Land & Improvement Company, answered by general demurrer and general denial, and pleaded specially that the foreclosure judgment rendered in the District Court of Harris County on April 9, 1906, and the sale of the stock thereunder on June 1, 1906, at which appellant purchased it, were irregular and void, or at any rate voidable, for the reasons that the sole citation on which the judgment—which was a judgment by default—was had shows that it was served on the defendant I. D. Polk, in Jefferson County, Texas, by the sheriff of Harris County, Texas, there being no other service, and that the sale of the stock was made without the officer making the same under the order of sale issued upon said judgment having left notice of the levy thereunder with any officer of the South Beaumont Land & Improvement Company, and without any notice of the sale mailed or delivered to the said I. D. Polk, and that said stock at said sale sold for a grossly inadequate sum.

On September 8, 1908, the appellee, I. D. Polk, filed a petition of intervention in the suit, in which he set up the same matters pleaded in the answer of the South Beaumont Land & Improvement Company, and, in addition thereto, he tendered into court the amount which had been paid for the stock at said sale, and asked that the sale be set aside, and that the title to said stock be decreed to be in him.

The case was tried before the court without a jury, and judgment rendered against appellant that it take nothing by its suit except the amount bid by it at the sale; that the appellee, South Beaumont Land & Improvement Company, go hence without day, and that appellee, I. D. Polk, recover of and from appellant the title and possession of said shares of stock, as well as all costs incurred by him herein; from which judgment plaintiff, the First National Bank of Houston, has appealed.

The court filed its findings of fact, and from such findings and from the undisputed evidence in the record we deduce the following conclusions of the facts proven upon the trial, confining ourselves to such only as we deem material in the view we take of the case.

On February 28, 1906, I. D. Polk had pledged with the First National Bank of Houston certificate No. 17 for fifty shares, of the par value of $100 each, of the stock of the South Beaumont Land & Improvement Company, to secure an indebtedness evidenced by a promissory note dated August 9, 1905, for $3,658.68, drawing ten percent per annum interest from date and stipulating for ten percent attorney's fees on the amount of the note if sued on or placed in the hands of an attorney for collection. On February 28, 1906, the bank sued Polk in the District Court of Harris County to recover the principal, interest and attorney's fees of said note. A citation was issued in said cause directed to the sheriff or any constable of Jefferson County, Texas, where I. D. Polk resided, and was served on said Polk in said county, and the return of the service is signed thus: "Ras Landry, Sheriff Harris County, Texas. By R. A. McReynolds, Deputy." At the time of the service of said citation Ras Landry was,

in fact, the sheriff of Jefferson County, Texas. Polk filed no answer in said cause, and the judgment shows that he failed to appear and answer, but further shows that it was rendered upon evidence, and recites, "and it appearing to the court that said defendant was duly and personally served with a citation herein more than ten days before the first day of this term of the court," etc. The judgment foreclosed the lien of said bank on said stock and ordered the sheriff or any constable of Harris County to sell the same as under execution, and that the sheriff did sell same under order of the court after proper advertisement, but he did not levy on the stock and did not leave any notice of a levy on same with any officer of the South Beaumont Land & Improvement Company. The stock so sold under said judgment on June 1, 1906, was bought in by the bank at $100, which sum was credited on the judgment. The stock at said time was of the value of $2,000. The citation issued and served on I. D. Polk in the suit of First National Bank v. Polk was irregular, for the reason that Ras Landry, sheriff of Jefferson County, signed the return as sheriff of Harris County, and with this exception there were no irregularities whatever in the judgment, nor in the order of sale issued thereunder, nor in the advertisement of sale, nor in the sale itself, and all the other proceedings leading up to the sale of the stock of the bank were in all respects regular and proper.

After the sale of the stock the First National Bank of Houston began trying to collect the balance on the judgment, but without success, until it finally made a contract with Fleming & Fleming, a firm of lawyers at Beaumont, who undertook to collect the same upon an agreement that they should receive one-third of any sum collected through their efforts. Their activity resulted in the payment of the balance due by Polk on the judgment, through George C. Greer, on April 23, 1907, who, upon making the payment, took an assignment to himself of the judgment, and the payment was made and the assignment taken at the instance and for the benefit of I. D. Polk. Shortly after George C. Greer made this payment I. D. Polk offered and tendered to the bank the sum of $109.15, which was the amount, with interest, bid by the bank for said stock, and equal to the balance due upon the judgment after crediting the portion thereof which the bank had received from George C. Greer. The bank refused to accept said tender and refused to surrender said stock. The said sum was again tendered at the trial of this case and placed in the registry of the court. On July 6, 1906, after the bank purchased the stock at the sale above mentioned, it presented the certificate therefor to I D. Polk, as president, and James V. Polk, as secretary, of the South Beaumont Land & Improvement Company, and demanded of them that the said stock be transferred on the books of the company to it, and that a new certificate be issued in lieu of the one presented, and each and both of them refused said demands for the South Beaumont Land & Improvement Company, and each and both of them declined to recognize that the bank had any rights whatever in the company. At that time the stock in question was of the value of $2,000. Shortly after George C. Greer paid the balance due the bank on the judgment the bank paid to Fleming & Fleming one-third of the

amount thereof, under the contract with them, which amounted to $1,513.90.

The court below concluded that the amount bid and paid for the stock was grossly inadequate, and that the signing of the return by Ras Landry as sheriff of Harris County, instead of as sheriff of Jefferson County, was an irregularity which was calculated to affect the price at which the stock was sold at sheriff's sale and to deter bidders thereon, and to prevent a sale of the stock at a fair value, and that the foreclosure sale of the stock and the sheriff's deed thereunder should be set aside, and the title to said stock be adjudged to be in intervener I. D. Polk, and judgment was accordingly so entered.

The court's findings of fact and conclusions of law are attacked by appellant by several assignments of error, but we think it would serve no useful purpose to discuss them in detail.

The controlling question on this appeal is: Was the irregularity in the manner of signing the return of the citation such as was calculated to deter bidders and prevent the stock selling at a fair value? That the amount bid for it by the bank was grossly inadequate, being only one-twentieth of its value, we think is without question. But inadequacy of consideration alone is not sufficient to require or justify the vacating of a sale made under execution, even on direct attack. Smith v. Perkins, 81 Texas, 157; Allen v. Pierson, 60 Texas, 604; Pearson v. Flanagan, 52 Texas, 280.

This proceeding was a collateral attack upon the sale of the stock, and not upon the judgment as held by the court below. While gross inadequacy may be strongly indicative of fraud, the sale, for that reason alone, will not be set aside in a collateral proceeding. Smith v. Perkins, *supra.* It is only when the gross inadequacy is coupled with some irregularity that is calculated to prevent a sale at a fair price that the court or jury is justified in vacating the sale. In no event could a valid judgment be thus attacked.

The fact that the judgment is valid, as we find the judgment under which the stock was sold to be, does not militate against the right of the appellees to attack the sale if, in fact, there were irregularities calculated to affect the price for which the stock was sold. Hence, if the irregularity complained of was such as was calculated to deter bidders and thereby depress the price or prevent a sale for a fair consideration, the judgment of the court below should be affirmed. The question then arises, Was the irregularity in question calculated to deter a prudent man from bidding for the stock at the sale? If not, then the irregularity was not such as warranted the court in vacating the sale.

It is well settled that a purchaser at execution sale, without notice of irregularities in the proceedings leading up to the sale is protected in his title if the judgment under which the sale is made be valid and the execution and sheriff's deed be regular. Riddle v. Bush, 27 Texas, 676; Coffee v. Silvan, 15 Texas, 355; Owen v. Navasota, 44 Texas, 517; Fitch v. Boyer, 51 Texas, 336.

Purchasers without actual notice are charged only with notice of defects in the execution which appear upon its face or is developed by an examination of the judgment on which it is based; and when

from these sources they are advised of such irregularities as are calculated to cause property to sell for less than its value, they can not complain if, for inadequacy of price, presumably induced by such defects, a court on application of the owner, made in proper time and manner, vacates the sale. Irvin v. Ferguson, 83 Texas, 495. The purchaser is not bound to do more than to show a valid judgment, execution and sale, and this being true, the court was not warranted in holding that persons contemplating bidding for the stock at the sale in question had notice or were chargeable with notice of the defective return, or in arbitrarily assuming that they looked into the file papers in the case and discovered the defect, and were thereby deterred from bidding at the sale, and that for that reason the stock was sold for a grossly inadequate consideration. It will not do to assume that a person contemplating the purchase of the stock at the sale looked further than was necessary to assure himself that the judgment was valid on its face, and that the execution under which the stock was to be sold and the advertisement of sale were regular, and disclosed no defects; or, in other words, that he would be protected in the title which he might acquire by purchase at the sale. It may be that if the testimony had shown that persons intending to bid at the sale had actual notice of the defective return, and that, because of their knowledge thereof, had refrained from bidding, the sale should be set aside. But that is not the case with us.

We think the appellant, in purchasing the stock as it did, acquired the title thereto as against appellee Polk, and that the appellee South Beaumont Land & Improvement Company, in refusing to transfer the stock to appellant on the books of the company and to issue a certificate for the same amount of stock in lieu of the original certificate then tendered for cancellation, was guilty of conversion, and that appellant is entitled to a judgment against said company for the value at that time of same, which the evidence shows was $2,000. Rio Grande Cattle Co. v. Burns, 82 Texas, 57.

The judgment of the court below will be reversed and judgment accordingly here rendered in favor of appellant against appellee, South Beaumont Land & Improvement Company, for the sum of $2,000, with interest thereon at the rate of six percent per annum from the date of said conversion, to wit, July 6, 1906, and all costs incurred in this court and the court below, except such as were incurred by appellee I. D. Polk by reason of the filing of his intervention, and in favor of appellant against the appellee I. D. Polk, that the latter take nothing by his intervention herein, and that appellant recover of him all costs incurred by the filing of the intervention.

Appellees, by a cross-assignment of error, have attacked a finding of fact of the trial court to the effect that Ras Landry was, in fact, sheriff of Jefferson County at the time of the service of the citation upon I. D. Polk and at the time of signing the return, on the ground that there was no evidence to support the finding.

They also attack the finding that, aside from the manner in which the return of the citation was signed, there were no irregularities in the judgment or in any of the proceedings leading up to the sale, on the ground that no levy was made on the stock in question, and that

a notice of levy was not left with any officer of the South Beaumont Land & Improvement Company, as required by the statutes in making levy upon stock of corporations.

It does not appear that appellees or either of them excepted to the findings in the court below, or to the judgment rendered in the case, and for that reason the assignments will not be considered. Buster v. Warren, 35 Texas Civ. App., 644; Drake v. Davisson, 28 Texas Civ. App., 184 (66 S. W., 889).

*Reversed and rendered.*

Writ of error refused.