SHEAR CO. v. STUTH et al.   (No. 6547.)

(Court of Civil Appeals of Texas. Austin.
Feb. 7, 1923.)

1. Appeal and error ☞837(1)—Facts in un-
verified motion to set aside judgment and for
new trial not supported by evidence may be
considered as admissions only.

Where a motion to set aside a judgment and
for a new trial are not sworn to, and there is
no evidence offered in support thereof, the facts
alleged therein cannot on appeal be considered
except in so far as they constitute admissions
of the facts on the part of appellant in support
of the judgment rendered.

2. Attachment ☞201—Attaching creditor not
advancing new consideration held not "bona
fide purchaser."

Where a deed of trust was given by a mar-
ried man joined by his second wife, creating
a lien in favor of the beneficiary in the deed
of trust as against both the interest of the
married man and of an heir of the first mar-
riage, and a creditor of the married man sub-
sequently acquired by attachment at foreclo-
sure his interest, the attaching creditor was not
a bona fide purchaser, where he had advanced
no new consideration nor surrendered any se-
curity for the land, the essential elements con-
stituting a bona fide purchaser being a valua-
ble consideration, the absence of notice, and
the presence of good faith.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Bona
Fide Purchaser.]

3. Attachment ☞201—One purchasing with
notice of outstanding claim of third party not
bona fide purchaser.

Where a deed of trust was given by a mar-
ried man joined by his second wife, creating a
lien in favor of the beneficiary in the deed of
trust as against both the interest of the mar-
ried man and of an heir of the first marriage,
and a creditor of the married man subsequently
acquired by attachment his interest, the attach-
ing creditor was not a bona fide purchaser,
where at the time he acquired title under the
attachment sale he was notified by public out-
cry of the interest of the heir, since one who
purchases with notice of some outstanding
claim or interest of a third party cannot be a
bona fide purchaser.

4. Attachment ☞201—Notice informing pur-
chaser of interest of third parties depends on
facts of each case.

As a general rule one who purchases the
legal title with notice of an outstanding equita-
ble title of heirs of the deceased member of
the community, or notice of facts putting him
on inquiry as to such title, does not take as a
bona fide purchaser free from the equitable
claims of the owners of the community, and,
where public notice was given at a sheriff's
sale of the equitable interest of the attachment
debtor's daughter, the purchaser took subject
to her rights.

5. Tenancy in common ☞3—Attaching credi-
tor and heir holding interest in property at-
tached held not tenants in common as against
superior lien covering entire tract.

Where a deed of trust was given by a mar-
ried man joined by his second wife, and a
creditor of the married man acquired by at-
tachment at foreclosure all the interest of the
married man, and there was an heir of the first
marriage whose rights in the property had not
been settled, the attaching creditor and such
heirs were not tenants in common nor the own-
ers of equal rights to such an extent that a su-
perior lien covering the entire tract should be
foreclosed as against each equally, but the in-
terest of the attaching creditor is first to be
sold, and thereafter that of the heir.

6. Descent and distribution ☞90(5)—Laches
of heir in asserting right held question of fact
for trial judge.

It is a question of fact for the trial judge
as to whether or not one seeking equity has
been guilty of laches by reason of delay in as-
serting a right as an heir as against an attach-
ing creditor of the ancestor.

7. Descent and distribution ☞90(2)—Heir
held not guilty of laches in asserting claim.

Where it was claimed that an heir was guil-
ty of laches in asserting an interest in prop-
erty which had been attached for the ances-
tor's debt, that she had delayed for three years
after the inception of the attachment suit and
two years after attaining her majority before
intervening and claiming an interest did not
constitute laches, since there is no specific time
by which one can be charged with laches, and
each case must be determined by its own facts
and circumstances.

Appeal from District Court, Falls County;
John Watson, Special Judge.

Suit by Mrs. X. C. Watson against C. W.
Stuth, the Shear Company, and another,
wherein by a supplemental petition X. P.
Clark intervened, as independent executrix
of the estate of Mrs. X. C. Watson, and
wherein Katie Stuth intervened, praying re-
lief both against the plaintiff and the Shear
Company. Motions to set aside the judg-
ment and for a new trial were overruled, and
the Shear Company appeals. Affirmed.

J. D. Williamson and Allan V. McDonnell,
both of Waco, for appellant.
E. M. Dodson and Spivey, Bartlett & Car-
ter, all of Marlin, for appellee Katie Stuth.

BLAIR, J.   The statement of the nature
and result of this case, some of which is
copied from the briefs of the parties hereto,
is as follows:

This was a suit instituted by Mrs. X. C.
Watson, as plaintiff, against Chas. W. Stuth
and his wife, Tillie Stuth, and the Shear
Company. The plaintiff's suit was founded
upon a promissory note executed by Chas.
W. Stuth and his wife, Tillie Stuth, payable
to plaintiff's order, and for a foreclosure of

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a deed of trust lien upon a tract of land in Falls county, Tex., containing 109.84 acres. Plaintiff alleged that the Shear Company was asserting some title or character of interest in the land inferior to the rights of the plaintiff, and prayed that judgment be rendered for the amount of principal, interest, and attorney's fees due on said note, and for foreclosure of lien against all parties defendant. To this original pleading of the plaintiff, the defendants, the Shear Company, C. W. Stuth, and Tillie Stuth, answered by formal answers. Thereafter, by supplemental petition, one Mrs. X. P. Clark, intervened in said cause, as independent executrix of said estate of Mrs. X. C. Watson, deceased, and asked leave to prosecute the cause on behalf of the said deceased to judgment. Thereafter on the date that said cause proceeded to trial, one Katie Stuth intervened in said cause, and asserted an undivided interest in the tract of land, alleging that she was a child born of the first marriage of Chas. W. Stuth; that her mother, the first wife of the said C. W. Stuth, was deceased, and had been deceased long prior to the execution of the deed of trust sought to be foreclosed. She further asserted therein that the Shear Company was claiming some right in the land by reason of having attached the interest of her father, C. W. Stuth, and purchased at foreclosure sale such interest.

Intervener then prayed that her interest in the properties be adjudged and fixed, both as against the plaintiff and the Shear Company, and that such interest as was held by her by reason of inheritance be adjudged not incumbered by the deed of trust, but that, if it should be held that such interest was incumbered, then that the interest of the Shear Company be first sold to satisfy the plaintiff's demands, and that only in event that the portion of the properties owned by the Shear Company failed to bring sufficient to pay the entire demand of plaintiff her property be proceeded against.

A trial was had, at which the Shear Company was not present save by the original answer on file. The court thereupon proceeded to hear the case, and rendered judgment in favor of the plaintiff for the entire amount due on said note, and awarded a foreclosure of the deed of trust liens securing the same, but in said judgment directed that, after a partition of the interest of the Shear Company and that of Katie Stuth was had, the order of sale foreclosing the deed of trust be levied first on such interest that the Shear Company held, and that same should be sold as under execution, and only in event that same did not bring sufficient to satisfy the debt of the plaintiff that resort be had to a sale of that portion of the property adjudged and set apart to the intervener, Katie Stuth.

Judgment was rendered on the 14th day of October, 1921, and thereafter, on the 2d day of November, 1921, appellant, the Shear Company, filed its motion to set aside the judgment rendered and for a new trial, alleging that it had no notice of the trial of the case, nor of the intervention of Katie Stuth; and alleging further errors to the judgment rendered, and that it had a meritorious defense as to all parties, as well as against intervener Katie Stuth. The plaintiff, the defendants, and intervener, Katie Stuth, filed their separate motions to strike out the Shear Company's motion to set aside the judgment and for a new trial, alleging that the same was filed more than two days after the rendition of the judgment, and further, because it was not shown to have been sworn to, which motions to strike out were overruled, and appellees excepted. The motion for new trial was thereafter overruled by the court, and upon request made findings of fact and conclusions of law were made by the trial judge. The Shear Company duly preserved its exception, and in seasonable time filed its bond for appeal, and now as appellant presents to this court said cause for review, revision, and correction.

We adopt the findings of fact of the trial judge as a part of our finding of facts, and we also quote here the trial judge's conclusions of law, as they are in the nature of a finding of fact in many particulars:

"(1) I find that the tract of land in controversy, being 109.84 acres out of the J. R. Childers survey in this Falls county, was acquired by the defendant Chas. W. Stuth from Oscar Rosse and wife by deed of July 26, 1907, by onerous title, and that such land was so acquired and paid for after the marriage of Chas. W. Stuth and his first wife, Alwine Stuth, the mother of the intervener, Katie Stuth.

"(2) That the said Alwine Stuth died in this Falls county about two years after the purchase of said land, and left no will, nor was any administration ever had upon her estate, and that she left as her only issue (being the issue of her marriage with Chas. W. Stuth) two children, to wit, the intervener, Katie Stuth, and an infant child who died about two weeks after the death of its mother, leaving its father, Chas. W. Stuth, and its sister, Katie Stuth, surviving as its only heirs, and that thereupon the title of said tract of land described and vested five-eighths undivided in the defendant C. W. Stuth, and three-eighths undivided in the intervener, Katie Stuth, and that intervener Katie Stuth now owns her interest therein.

"(3) That thereafter Chas. W. Stuth intermarried with one Tillie Braden on or about August, 1900, and that by deed of trust in the usual form, dated March 26, 1914, legally executed and acknowledged and filed for record March 28, 1914, defendant Chas. W. Stuth and said wife, Tillie Stuth, conveyed in trust to Mrs. X. C. Watson (the original plaintiff herein) said entire tract of land, to secure a note of even date with said deed of trust, given for money then borrowed by C. W. Stuth from Mrs. Watson, being the note and deed of trust sued upon herein.

"(4) That thereafter Mrs. Watson died testate, leaving the present plaintiff, Ximinia P. Clark, her sole devisee and independent executrix of her will, and that she duly qualified and is now such executor, said will having been duly admitted to probate, and is the owner and holder of the indebtedness and security herein sued upon; and that said indebtedness, including principal, interest, and attorney's fees, to the date of the judgment herein, is the amount shown in said judgment, and bearing interest as therein specified, and that said indebtedness is owing by said Chas. W. Stuth, and the same is secured by the lien of said deed of trust upon said tract of land.

"(5) I find that intervener Katie Stuth was a, minor at the time said deed of trust was given, and was living with her father and stepmother, as a member of their family, but that the said Mrs. X. C. Watson had no notice or knowledge of her interest in said tract of land at the time said deed of trust was taken and said money loaned.

"(6) That the said Katie Stuth is now of age, having reached her majority about two years ago.

"(7) I find that on the —— day of ——, after the giving of the above Watson deed of trust the Rotan Grocery Company filed a suit in the district court of McLennan county, Tex., against said Chas. W. Stuth, for the collection of a prior existing indebtedness created and arising after the giving of the Watson deed of trust, and at the time levied an attachment upon all the rights, title, and interest of Chas. W. Stuth in said tract of land; and that said attachment lien was thereafter foreclosed, and the interest of Chas. W. Stuth was accordingly sold out under sheriff's foreclosure sale and under said judgment, and was bought in by the defendant the Shear Company, the said the Shear Company being the successor in name and interest of said Rotan Grocery Company, the Rotan Grocery Company having merely reorganized and reincorporated under the name of the Shear Company.

"(8) That at the above-mentioned sheriff's sale public notice was given of the interest of the intervener Katie Stuth in said tract of land, but that prior thereto said Rotan Grocery Company and its successor, the Shear Company, had no notice or knowledge of the intervener's interest in said land; and that the purchase price bid and given at said sale by the Shear Company was paid by crediting same upon the above-mentioned judgment in the case of Rotan Grocery Company against Chas. W. Stuth; and that under said sheriff's foreclosure sale, and deed made pursuant thereto, defendant the Shear Company now owns the interest of Chas. W. Stuth in said tract of land, or the five-eighths interest above mentioned.

"(9) I conclude that the rights of Mrs. X. C. Watson and her executor and sole heir Mrs. X. P. Clark, under and by virtue of the above-mentioned deed of trust, are superior to the rights. and interest of the intervener, Katie Stuth, in the entire tract of land, subject to the mode of selling hereinafter stated; and that the rights of the plaintiff are superior to the rights of the Shear Company therein; and that plaintiff is entitled to foreclosure of her mortgage lien as against all the parties to this suit.

"(10) I further conclude that the Rotan Grocery Company and its successor the Shear Company, by virtue of said attachment and subsequent foreclosure and sale, acquired the interest of Chas. W. Stuth in said tract of land, or five-eighths interest therein, but that, under and by virtue of said proceedings, they did not acquire any interest or right in said land as against Katie Stuth or as against her interest in said land; and that the Shear Company stands in the shoes of Chas. W. Stuth, and has no greater right to require the sale of intervener's interest than the said Chas. W. Stuth would have; and that, as between intervener and defendant the Shear Company the rights and interest of the intervener in said land are superior to those of defendant the Shear Company; and that defendant the Shear Company acquired no right, interest or authority to compel the sale of intervener's interest in said land to satisfy the said Watson debt.

"(11) I find that intervener was not at fault or negligent or in any way bound or estopped by any act in connection with the giving of the deed of trust by Chas. W. Stuth to plaintiff Watson; and that the application of equitable rules requires that the interest of Chas. W. Stuth (now owned by the Shear Company) should be first sold in satisfaction of plaintiff's debt, and that the interest of the intervener should be sold thereafter, and only in the event the said C. W. Stuth interest should not sell for enough to satisfy the plaintiff's judgment; and that intervener is entitled to have partition and to have her three-eighths interest set off to her and to have commissioners of partition accordingly."

### Opinion.

[1] We find that the motion to set aside the judgment and for a new trial was not sworn to, neither was there any testimony offered in support of the same; therefore the facts alleged therein cannot be considered, except in so far as they may constitute an admission of facts on the part of appellant in support of the judgment rendered. This we find it does, in that appellant admits having knowledge of a claim or interest of Katie Stuth, of which claim or interest it alleges that appellant's counsel notified plaintiff's counsel. And further, in paragraph VIII of appellant's answer attached to its motion for a new trial, it alleges:

"That thereafter, in the case of Katie Stuth v. the Shear Company et al., same being cause pending in the district court of Falls county, Tex., the intervener, Katie Stuth, and the defendant C. W. Stuth contested the rights of the defendant the Shear Company in said lands, and upon final hearing a judgment was rendered that the defendant C. W. Stuth had no further interest in said land, but that the defendant the Shear Company and the intervener,. Katie Stuth, were vested with an undivided five-eighths and three-eighths interest respectively in said lands; that partition was in said decree ordered, and awarded; commissioners of partition appointed; that said judgment has not been appealed from, and has now become final by operation of law, but said partition proceedings are still pending, the commissioners therein appointed not having yet returned into said court their report, which said judgment the defendant the Shear Company herein as-

serts and pleads as complete bar and defense to the matters alleged by intervener, Katie Stuth."

This judgment so pleaded is an admission of the appellant that the claims and equities in the land as between itself and Katie Stuth, the intervener, had theretofore been adjudicated by a court of competent jurisdiction, and, neither party having appealed, the same became binding upon each; and the trial court found the interests of said parties in the lands described herein to be the same as had already been adjudicated, as pleaded by appellant, and therefore supports its judgment.

By its second assignment of error appellant contends that the trial court erred in that, if any right of marshaling existed in the case, appellant was entitled thereto, and further, by its third assignment of error, contends that no facts were alleged or proved sufficient to authorize a marshaling of assets in this case. These assignments are without merit in this case, since the matter of marshaling was not in the case, but only the question of ownership and equities of the parties as to a valid lien upon all the property was adjudicated by the court, and said adjudication was upon sufficient pleadings and proof as to authorize the judgment herein rendered.

The errors complained of by appellant's first and fourth assignments of error are the same matters as set forth in its first and second propositions of law, upon which this appeal is predicated, and we will discuss the same thereunder. Appellant's first proposition is as follows:

"Where a deed of trust is given by a married man joined by his second wife under facts and circumstances that make the same a valid lien in favor of the beneficiary in said deed of trust as against both the interest of the father and that of an heir of the first marriage, and a creditor of the father subsequently acquires by attachment and foreclosure all the interest of the father in and to said tract of land, it is error for the court to decree that the interest acquired by the attaching creditor be first sold in satisfaction of the mortgage debt before resort is had to the interest of the heir in said tract; but, said mortgage being a valid lien against the whole tract, it should be foreclosed as against the same in its entirety."

As an abstract proposition of law, the above is probably correct, but the same is not applicable to this case, in that it fails to take into consideration the questions of notice and of a bona fide purchaser, which questions the record discloses to be in this case. The question of appellant being a bona fide purchaser of the interest of C. W. Stuth in the land becomes very important in this case, in the disposition of the equities of the parties herein; therefore a definition of a bona fide purchaser is necessary. At pages

1146 to 1148, 8 Corpus Juris, a bona fide purchaser is defined as being:

"One who purchases for value without notice of the equities of third parties; one who buys property of another without notice that some third person has a right to or an interest in such property, and pays a full and fair price for the same at the time of such purchase, or before he has notice of the claim or interest of such other in the property; one who at the time of his purchase advances a new consideration, surrenders some security, or does some other act which would leave him in a worse position if his purchase should be set aside, and purchases in the honest belief that his vendor has a right to sell, without notice, actual or constructive, of any adverse rights, claims, interest, or equities of others in and to the property sold; one who has bought property without notice of the claims of third parties thereto, on the faith that no such claims exist, and who has therefore actually paid or parted with some valuable consideration or has in some way altered his legal condition for the worse; one who buys an apparently good title without notice of anything calculated to impair or to affect it; one who actually purchases in good faith. The essential elements which constitute a bona fide purchaser are a valuable consideration, the absence of notice, and the presence of good faith. If any one of these essential elements is lacking, a person is not a bona fide purchaser as the term is known to the authorities." 8 Corpus Juris, 1146–1148, and authorities cited thereunder.

[2] We think appellant is not a bona fide purchaser in this case for two reasons: First, because it advanced no new consideration, nor did it surrender any security for the land. The findings of the trial judge disclose that appellant levied upon the interest of C. W. Stuth in the land in question, and that later it sold the same under the attachment lien, and became the purchaser at said sale, crediting the amount paid upon the indebtedness which the defendant, C. W. Stuth, owed appellant. Judge Simkins, at page 647 of his book on Equity, sets forth the proposition in full, and cites numerous authorities that an antecedent debt would not support a consideration to the extent of making the purchaser a bona fide one; and under this general topic of bona fide purchasers, he defines one as being:

"One who advances a new consideration or surrenders some security, or does any other act which leaves him in a worse position if the sale should be set aside."

The reason given for the rule is that, if the creditor pays nothing, or surrenders nothing of value, he occupies no worse position than existed before the purchase. Simkins on Equity, p. 647, and cases cited thereunder. Although there are a few cases which constitute an apparent exception to this rule, we think that they do not express the law as has been determined by the great weight of authorities. We must therefore conclude

that the facts as found in this case, on the question of a pre-existing debt, did not make appellant a bona fide purchaser to the extent that it would be an owner of a greater interest in the land than the vendee C. W. Stuth was.

[3] In the second place, appellant is not a bona fide purchaser because the facts show that, at the time it acquired title by reason of its attachment sale, it was notified by public outcry of the inherest and claim of Katie Stuth in said land; and, under the above definition of law, one who purchases with notice of some outstanding claim or interest of a third party cannot be a bona fide purchaser. This rule is announced in the three cases cited by appellant by inference, and is also announced by Judge Simkins at page 657, in that he states that the cases cited by appellant, being Harris v. Seinsheimer, 67 Tex. 356, 3 S. W. 307, First Nat. Bank of Houston v. So. Beaumont Land & Improvement Co., 60 Tex. Civ. App. 315, 128 S. W. 438, and Smith v. Olsen, 23 Tex. Civ. App. 458, 56 S. W. 570, are cases in which the question of notice was not involved.

[4] As to what constitutes notice sufficient to inform a purchaser of the interest of a third party must be determined by the facts and surroundings in each case, as no specific rule could be laid down in such instances. Generally, though, one who purchases land from another who holds the legal title thereto, with notice of the existence of the equitable title of the heirs of the deceased member of the community, or of facts and circumstances sufficient to put him on inquiry as to such title, does not take the title as a bona fide purchaser, free from the equitable claims of the owners in the community, citing Simkins on Equity, pp. 556 to 560, and authorities cited thereunder.

In view of the fact that the trial court found that notice was given at the sale at which appellant purchased, of the interest of the intervener, Katie Stuth, we must hold that appellant was not a bona fide purchaser under the proof in this case, because it had notice of this outstanding interest at the time of its purchase.

[5] We are of the opinion that appellant's contention that it and Katie Stuth are tenants in common, or are owners of equal rights to such an extent that a superior lien covering the entire tract should be foreclosed as against each equally, is not correct, since the manner in which title was acquired by appellant in this case entitles the other owner, Katie Stuth, to the equities which the court granted her. Appellant, by its attachment and foreclosure and sale thereunder of the interest of C. W. Stuth in the land, did not sell or purchase the interest of Katie Stuth, but levied only on such interest as C. W. Stuth had, and became C. W. Stuth in so far as his title to this property was concerned. It would certainly not be contended by appellant that C. W. Stuth, knowing that his daughter, Katie Stuth, owned a certain undivided interest in the land, could require her interest foreclosed along with his for the payment of his individual debt, provided the foreclosure against his interest alone did not affect the rights of the party owning the debt. And, if he could not demand such disposition of her interest, then his purchaser, who had notice of such interest, could not demand more than C. W. Stuth.

Appellant's second proposition is as follows:

"Where a deed of trust is given by a surviving parent upon a tract of land jointly owned by himself and an heir of the first marriage, under such facts and circumstances as to constitute the same a valid lien against the interest of the survivor and said heir, and a suit by the beneficiary in said mortgage to foreclose the same is instituted against an attaching creditor as successor to the interest of the surviving parent as well as against such parent, and the heir does not promptly elect to rescind the action of her said parent in incumbering her said interest, but waits until three years after institution of the said suit, and two years after reaching her majority, before intervening in said cause and asserting an equitable claim that she is entitled to have the interest of her father then held by said attaching creditor sold first to satisfy said debt, such heir is estopped in equity to assert any such right, not having moved with that dispatch and promptness necessary to the assertion of an equitable right, nor done that equity which is required of those who seek equity."

[6, 7] It is a question of fact to be determined by the trial judge trying the case without a jury as to whether or not one seeking equity has been guilty of laches by reason of delay in asserting the right; and the trial judge having found in this case that intervener, Katie Stuth, was not guilty of laches or negligent in not having asserted her rights to the property prior to the time she did so assert them in this suit, or did so assert them in the suit in which she was plaintiff and the Shear Company was defendant, as pleaded by appellant, such finding will not be disturbed on appeal, and especially so since there is no statement of facts nor any other facts other than the findings of the trial judge, in which he so found as above stated. There is no specific time known to us by which one can be charged with laches in asserting a right or interest in property, but each case must be determined by its own facts and circumstances, and whether one, two, or even more years would constitute such laches as would not justify the courts in granting equity is a question to be determined in each case.

We are of the opinion that there is no error in this record which justifies a reversal of the case; and it is, therefore, affirmed.

Affirmed.