ANTONE et al. v. MEADOWS.   (No. 2810.)

(Court of Civil Appeals of Texas.   Texarkana.
Nov. 8, 1923.)

1. Witnesses ⬳143(2)—Testimony by former owner, not party, as to agreement with one since deceased held not barred.

In a suit to recover land, testimony by remote former owner, under whom defendants claimed, as to an agreement for the use of the premises, that he had made with one since deceased, *held* not barred by Rev. St. art. 3690, the witness being not a party to the action, and, though a remote warrantor of title, not one who would be bound by an adverse judgment.

2. Adverse possession ⬳114(1)—Evidence held to sustain findings.

Evidence *held* to sustain findings as to claim by adverse possession.

3. Trial ⬳140(2)—Court may not assume testimony of claimant true, and give peremptory instruction.

Where much of the evidence relied upon to establish a claim of title by adverse possession is claimant's own testimony, the court may not assume it is true and grant a peremptory instruction; his credibility being for the jury.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Action by Francis N. Meadows against F. A. Antone and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Austin S. Dodd, of Clarksville, for appellants.

Travis T. Thompson, of Clarksville, for appellee.

HODGES, J. This suit was filed against the appellant by the appellee to recover 28 acres of land situated in the Brukham survey in Red river county. Both parties pleaded and relied on the 5 and 10 year statutes of limitation. Those issues alone were submitted by the court as the basis of title. The jury found for the appellee on both the 5 and 10 year statutes, and against the appellant on both of his pleas of limitation.

[1] It appears from the evidence that the appellee deraigns title under one J. H. Hall, whose claim originated in a deed dated September 11, 1885, and which was recorded in 1889. Hall testified that he bought the land from a man by the name of Hobbs, a son of a former owner. He moved with his wife into a small house situated on the land, and lived there until 1895. He was engaged in the tie business, and both he and his wife were at times absent from home several weeks, and in some instances longer. He stated, however, that he claimed the place as his home during all of that time, and left a part of his furniture in the house. He further stated that in 1895 Mrs. Edith Stricker and her husband, who lived near by, went into possession of the premises as his tenants. He made an agreement with them to occupy the house and cultivate a small portion of the land on the consideration that they would recover the house. Mrs. Stricker, according to Hall, remained upon the premises as his tenant until her death in 1900. Hall further stated that he paid taxes every year while he owned the land. The evidence disclosed that Mrs. Stricker was a daughter of William Hobbs, who once owned the land; and appellant objected to the testimony of Hall concerning the agreement between him and Mrs. Stricker that she would occupy the premises as his tenant, on the ground that it was a transaction with a decedent, and forbidden by article 3690 of the Revised Civil Statutes. The court refused to sustain the objection, and that ruling is the basis of an assignment of error.

The statute referred to has no application, for two reasons. One is, Hall was only a witness, not a party to this suit. While he was a remote warrantor of the title, he had not been legally called upon to defend the title, and therefore would not be bound by an adverse judgment in this litigation. The other reason is that under the charge of the court the rights of the parties depended entirely upon adverse possession, and the evidence does not show that Mrs. Stricker's possession formed any part of the claim upon which the appellant relies for a title by limitation. Neither party claimed as heir of Mrs. Stricker. While the appellant offered testimony to show that she and her husband occupied the premises under a claim of ownership and not as tenants of Hall, that evidence was for the purpose of discrediting the testimony of Hall. The objection was properly overruled. Bush v. Barron, 78 Tex. 5, 14 S. W. 238; Chamberlain v. Boon, 74 Tex. 660, 12 S. W. 727; Wootters v. Hale, 83 Tex. 563, 19 S. W. 134; Harris v. Seinsheimer, 67 Tex. 356, 3 S. W. 307.

[2] Appellant insists that the evidence was insufficient to support the finding made by the jury in favor of the appellee on either issue of limitation. If Hall's testimony was true, the evidence was amply sufficient.

[3] It is also insisted by appellant that his claim of limitation, originating subsequent to that under which the plaintiff claims, was conclusively shown by the evidence, and that a peremptory instruction should have been given to that effect. Much of the evidence upon which the appellant relies depends upon his own testimony. The court could not assume as a matter of law that his testimony was true. It was the province of the jury to pass upon his credibility as a witness. For that reason alone the court properly refused a peremptory instruction.

The judgment will be affirmed.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes