## APPLEGATE et al. v. McFADIN et al.
### (No. 7164.)

Court of Civil Appeals of Texas. Austin.
Oct. 2, 1929.

N. L. Taylor and H. L. Holley, both of Granger, and White, Wilcox & Taylor and Black & Graves, all of Austin, for appellants.

Stanton Allen and E. H. Lawhon, both of Taylor, and Wilcox & Graves, of Georgetown, for appellees.

BAUGH, J. We copy from appellants' brief the following brief statement of the nature and result of this suit:

"This is an appeal from a judgment of the District Court of Williamson County, setting aside the probate of the will of Mary E. Breeden upon a jury verdict, finding that the will was the product of undue influence of O. M. Breeden, her husband. The suit was originally instituted in the County Court, in the form of a contest, after probate, and from an instructed verdict and judgment denying the contest, was appealed by contestants to the District Court.

"Mary E. Breeden, the testatrix, died on the 31st of October, 1924. Upon the application of her surviving husband, O. M. Breed-

en, her will was admitted to probate without contest in the County Court of Williamson County on the 8th day of January 1925. O. M. Breeden died intestate in Williamson County on June 14, 1926.

"At the succeeding term, October 1926, of the County Court this suit was filed to contest the will and set aside the order of probate entered at the January term, 1925.

"The will of Mary E. Breeden was executed in Georgetown at the home of the late Col. W. K. Makemson on the 15th day of May, 1914.

"The petition stated two grounds of contest: (a) mental incapacity; (b) undue influence.

"The evidence being insufficient to warrant it, submission of the first issue was not requested by contestants, and the case was submitted to the jury on a single special issue as to whether the will had been produced by the undue influence of O. M. Breeden. The finding being, in the affirmative judgment was entered at the February Term 1927, of the District Court of Williamson County, annulling the will and setting aside the order admitting the same to probate. * * *

"O. M. Breeden and Mary E. Breeden were married in the year 1888, and never had any children. The contestants, appellees, are the heirs at law of Mary E. Breeden, other than her husband, and consist of her brothers and their descendants. The contestees, appellants, are the heirs at law of O. M. Breeden, the descendants of his brothers and sisters; and the administrator of his estate."

Appellants' first proposition, to which the larger portion of their brief is devoted, questions the sufficiency of the evidence to sustain the verdict of the jury. We have concluded, however, that the case must be reversed because of the exclusion of competent testimony. Nor does it appear that the cause was fully developed upon the trial. Hence we refrain, in view of another trial, from a discussion of the evidence, further than to say that there is sufficient evidence to authorize the submission to the jury of the issue of undue influence.

The second and third propositions complain of the exclusion of the testimony of Mrs. Ruth Gary, who had, prior to her marriage, lived with Mr. and Mrs. Breeden for a period of about 14 years. Her testimony, offered by appellants, related to transactions with, conduct of, and declarations by both Mrs. Breeden and Mr. Breeden. Her husband was an heir of Mr. Breeden and a party to the suit. She was not a party to the suit. The testimony was excluded by the trial court as coming within the inhibitions of article 3716, Rev. St. 1925. Regardless of discussions in the various decisions, and of confusion which existed as to the application generally of said article 3716, the exact point here in controversy was determined in favor of appellants in the case of Mitchell v. Deane (Tex. Com. App.) 10 S.W.(2d) 717, decided while the instant case was pending in this court, and to which we refer without further discussion. The excluded testimony was competent and should have been admitted.

The fourth and fifth propositions complain of the refusal of the trial court to give special charges Nos. 3 and 7 requested by appellants. Special charge No. 3 read: "Under the law a person may dispose of his or her property as he or she may desire; and the fact that Mrs. Breeden left the property to her husband to the exclusion of her brothers cannot, of itself, be taken as evidence of an undue influence of the husband over her in procuring the will. If she left the property to him because she preferred to do so, you cannot find that the will was caused by undue influence even though you may believe that he did attempt to influence her to do so. And even though you may believe from the evidence that he persuaded her to make the will in question, yet, if that is what she wanted to do, and if she did make it willingly and because she wanted him to have the property, then you must answer 'No' to Question No. One."

Special charge No. 7 read: "The husband has the lawful right to influence the making of his wife's will for his own benefit so long as he does not cause the same to be made as a result of the operation of undue influence over her, as that term is defined in the charge of the Court."

It is manifest we think that special charge No. 3, taken as a whole, falls under the condemnation of being both argumentative and upon the weight of the evidence, and was therefore properly refused. Shelton v. Shelton (Tex. Civ. App.) 281 S. W. 331, and cases there cited; Adams v. Adams (Tex. Civ. App.) 253 S. W. 605.

We think, however, that special charge No. 7 should have been given. The main charge adequately defined undue influence, and would ordinarily have been sufficient. In the instant case, however, some of the circumstances urged by appellees as showing undue influence exercised by the husband were that Mrs. Breeden devised to him, there being no children born to them, separate property inherited by her from her father, instead of passing it on to her own kin, and that such a devise was unnatural. Under such circumstances we think it was proper to give not only special charge No. 7, but also that portion of charge No. 3 instructing the jury that the devise of her property to her husband, taken alone, was not evidence of undue influence. Shelton v. Shelton, supra. While charge No. 3, taken as a whole, correctly states the law, such matters are proper for the guidance of the court in weighing the

sufficiency of the evidence as against a jury verdict, but not proper to be given in a charge to the jury generally. Adams v. Adams, supra; Carl v. Settegast (Tex. Com. App.) 237 S. W. 238.

■ Appellants' next contention is that it was error to permit the witness Hurst to testify with reference to Mrs. Breeden, "I do not consider her to be extra bright," and to permit Mrs. Carrie McClelland to testify that she was not normal mentally, because said witnesses did not first state facts properly constituting a basis for the expression of an opinion.

The witness Hurst had known Mrs. Breeden for 20 years, was a tenant on her farm in 1924, was in her home and she in his frequently while he was her tenant, saw her nearly every day during his tenancy, and had many conversations with her then. Mrs. McClelland had known Mrs. Breeden for 39 years. They attended school together as girls. She had seen Mrs. Breeden many times, had conversed with her, and had visited in her home after she married. Neither witness detailed specific facts on which they based their testimony.

The general rule is well settled that nonexpert or nonprofessional witnesses testifying as to the sanity of a person should state the facts observed upon which their inferences are based. There are exceptions, however, to this rule as well established as the rule itself. And in the instant case appellees' attack upon the sanity of Mrs. Breeden was abandoned, and her mental condition was being shown only as a circumstance on the issue of whether her husband had exercised undue influence over her in the execution of the will, and her sanity vel non was not in issue. The exceptions to the general rule in such cases as the one before us are made necessary by the impossibility, as a practical matter, of detailing to the jury in many instances the facts or circumstances upon which

the inference of the witness is based. And such testimony is usually admitted, not as an opinion on matters restricted to the field of experts, but rather as a statement of facts coming within the knowledge of the witness. The essential requirements are that the witness has, within the sound discretion of the trial court, had adequate opportunities for observation and that his testimony be based upon his own knowledge or observation. 22 C. J. 599 et seq.; M., K. & T. Ry. Co. v. Gilcrease (Tex. Civ. App.) 187 S. W. 715. We do not find that the trial court abused his discretion under the circumstances in this case.

■ The contestants, appellees, having introduced evidence tending to show that Mr. Breeden was materialistic, that "money was his God," and that he was grasping and overreaching, as circumstances indicating that he had unduly induced his wife to will her separate property to him, we think appellants should have been permitted to show by the witness Easley, who knew him intimately, that Mr. Breeden was a man of charitable disposition inwardly, and that he secretly did charitable deeds. Secret charities are often, if not uniformly, a genuine index of the real character of the donor; and, having charged him with a "greed for gold," appellants should have been permitted to refute such charges with evidence of charitableness.

■ Nor was it competent to show whether Mr. Breeden's friends were many or few. Such matters would throw no light upon the issue submitted, and a showing of lack of friends might tend to prejudice the jury against him.

What we have already said disposes, we think, of the other contentions made by appellants without discussing them further here. For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.