

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Leroy L. Moore
County Attorney
Houston County
Crockett, Texas

Dear Sir:

Opinion No. O-5306
Re: Whether county attorney is entitled
to commission under facts stated
and related matter.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Recently I filed a suit for the six Consolidated Common School District in Houston County, Texas, and a suit for Houston County. In the first instance to collect money for junk sold by said school districts and in the second instance to collect money for damage to bridges of Houston County and materials to replace same.

"As county attorney of Houston County and drawing a salary under Article 1883 Section 3 found in the supplement of the Vernon's Civil Statutes Vol. I would I be entitled to a commission as authorized in Art. 335 of the same statutes in addition to the salary given me under Art. 1883 as above? If so, would I be required to turn this money received as commission into Houston County under the salary statute?

" . . . ."

The population of Houston County, Texas, is 31,123 inhabitants and its county officers are compensated upon a salary basis under the Officers' Salary Law.

Article 1883 mentioned by you is evidently an error as this article does not pertain to your question.

We have not been able to find any statute making it your duty as county attorney to file suit for the common school districts of your

county to collect money for junk sold by said school districts. It is our opinion that any fee obtained by you from said school districts for such services would be purely a private civil attorney fee which you could clearly keep.

Article 335, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Whenever a district or county attorney has collected money for the State or for any county, he shall within thirty days after receiving the same, pay it into the treasury of the State or of the county in which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law. Such district or county attorney shall be entitled to ten per cent commissions on the first thousand dollars collected by him in any one case for the State or county from any individual or company, and five per cent on all sums over one thousand dollars, to be retained out of the money when collected, and he shall also be entitled to retain the same commissions on all collections made for the State or for any county. This article shall also apply to money realized for the State under the escheat law. (Acts 1876, p. 86; G. L. vol. 8, p. 922.)"

This department held in a conference opinion written by Honorable L. C. Sutton, Assistant Attorney General, dated April 6, 1921, that the county attorney was not entitled to commissions under Article 363, of the Revised Civil Statutes of 1911, (now Art. 335) on money collected for the county in a suit which it was not the duty of the county attorney to bring in behalf of the county. We quote from said opinion as follows:

". . . There is no constitutional or statutory provision making it your duty to bring such a suit. That being true, you, as county attorney, are not entitled to any commissions under Article 363, (now Art. 335). The commissions therein provided for are for services rendered in the collection of money by the county attorney in the performance of duty required of him by law. The county attorney is not entitled to the commissions provided by Article 363 (now Art. 335) upon moneys which the law does not require him to collect. A county officer claiming compensation or fees must be able to show not only that the services were performed for the duty as such, but also a statute or constitu-

tional provision authorizing compensation for the particular services in question. . . citing the following authorities:

"15th Corpus Juris, 496
"Ellis County vs. Thompson, 95 Tex. 22
"64 S. W. 927, 66 S. W. 48
"Wharton County vs. Ahldog, 84 Tex. 12, 19
   S. W. 291
"State vs. Moore, 57 Texas 307."

Paragraph 3 of Article 6716, Vernon's Annotated Texas Civil Statutes, provides:

"3. The owners, operators, drivers or movers of any vehicle, object or contrivance over a public highway or bridge shall be jointly and severally responsible for all damages which said highway or bridge may sustain as the result of negligent driving, operating or moving of such vehicle, or as a result of operating same at a time forbidden by said road officials. The amount of such damages may be recovered in any action at law by the county judge for the use of the county, and such recovery shall go to the benefit of the damaged road. The county attorney shall represent the county in such suit. (Acts 1st C. S. 1921, p. 133; Acts 1923, p. 160.)"

Section 5 of Article 3912e, Vernon's Annotated Texas Civil Statutes, provides:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such

officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

We assume that the suit for damages to the county's bridges was brought by authority of Article 6716, supra. Under this article it was your duty to bring such suit for the county and you should collect the commission authorized by Article 335, supra. However, when collected you must place said commission in the Officers' Salary Fund of your county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     /s/ Wm. J. Fanning
       Wm. J. Fanning
       Assistant

WJF:mp:tiw

APPROVED MAY 22, 1943

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY /s/ BWB
   Chairman